UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| FRANCISCO JAVIER GOMEZ | ) | |
| | ) | |
| v. | ) | 1:09-cv-276/1:06-cr-30 |
| | ) | *Edgar/Lee* |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM**

Francisco Javier Gomez ("Gomez") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 123) and a motion seeking to proceed *in forma pauperis* for the appointment of counsel (Criminal Court File No. 124).[1]

A motion filed under 28 U.S.C. § 2255 is not a civil action. Consequently, an application to proceed *in forma pauperis* is unnecessary since there is no filing fee in a § 2255 proceeding. *See* L.R. 9.3(b). In addition, although a movant is entitled to counsel when an evidentiary hearing is required in a § 2255 proceeding, an evidentiary hearing has not been scheduled in this matter. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) (finding right to counsel in habeas case where evidentiary hearing is required). Moreover, Gomez's § 2255 motion is time-barred, thus, an evidentiary hearing is not required. Accordingly, the motion to proceed *in forma pauperis* for the appointment of counsel will be **DENIED** (Criminal Court File No. 124).

In his § 2255 motion, Gomez claims counsel was ineffective during the suppression hearing

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

1

for failing to argue that the stop and detention were illegal, and that his consent was involuntary due to his lack of education (Criminal Court File No. 123). A review of the § 2255 motion, however, reflects that it is untimely and thus, as explained herein will be denied (Criminal Court File No. 123).

I.      **One-Year Statute of Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. Gomez pled guilty to Count One of the indictment charging him with conspiracy to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and Count Three charging him with the knowing possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Criminal Court File No. 79). Gomez was sentenced to a term of 100 months imprisonment, to be followed by supervised release for a term of three years. The judgment of conviction was entered on April 12, 2007 (Criminal Court File No. 103). Gomez pursued a direct appeal but subsequently requested a voluntary dismissal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure. The motion was granted and the appeal was dismissed on May 15, 2007 (Criminal Court File No. 112).

Gomez had one year from the time his judgment of conviction became final to file his § 2255 motion. Although Gomez has not indicated when he placed the § 2255 motion in the prison mailing system, he signed the § 2255 motion and related documents on October 20, 2009. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. Proc. Here, because the Court is unable to discern when Gomez placed his motion in the

2

prison mail system, giving Gomez the benefit of the doubt, the Court will assume Gomez mailed the motion on the same date he signed it, i.e., October 20, 2009.

"For the purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed.Appx. 373 (6th Cir. 2001) (UNPUBLISHED), available at 2001 WL 1136000, (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). "As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). However, when a voluntary dismissal of the appeal is granted, a judgment of conviction becomes final on that date. *See Robinson v. United States*, 2009 WL 3048459, at *2 (E.D. Tenn. Sept. 17, 2009) (finding the judgment of conviction became final on the date the direct appeal was dismissed pursuant to a request for voluntary dismissal); *United States v. Sylvester*, 2006 WL 695796, at *3 (M.D.Pa. Mar. 17, 2006) (concluding a voluntary dismissal makes a writ of certiorari unavailable and renders a conviction final upon dismissal); *see also Craddock v. Mohr*, 215 F.3d 1325 (6th Cir. 2000), *available in* 2000 WL 658023, at *1 ("It is undisputed that Craddock's convictions became final in April 1993 when the Ohio Court of Appeals granted his motion to voluntarily dismiss his direct criminal appeal").

On April 10, 2007, Gomez was sentenced to a term of 100 months imprisonment for violation of 21 U.S.C. §§ 846 and § 841(a)(1) & (b)(1)(C), i.e., conspiracy to distribute cocaine hydrochloride, and 18 U.S.C. § 924(c), i.e., possession of a firearm in relation to a drug trafficking crime. His judgment was entered on April 12, 2007. Gomez filed an appeal which was voluntarily dismissed on May 15, 2007. Therefore, his conviction was final on May 15, 2007. The one year statute of limitation for filing a § 2255 motion expired on May 14, 2008. Consequently, since his

3

§ 2255 motion was filed on October 20, 2009, more than a year after the expiration of the one year statute of limitations for filing a § 2255 motion, his motion is untimely.

**II.     Conclusion**

Gomez is not entitled to relief under § 2255 and his motion to vacate, set aside, or correct his sentence will be **DENIED** (Criminal Court File No. 123).  This action will be **DISMISSED**.

In addition to the above, this Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Gomez leave to proceed *in forma pauperis* on appeal.  Rule 24 of the Federal Rules of Appellate Procedure.  Gomez has failed to make a substantial showing of the denial of a constitutional right or that reasonable jurists would disagree on the resolution of this matter, thus a certificate of appealability **WILL NOT ISSUE**.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

An appropriate judgment order will enter **DENYING** his § 2255 motion.

                    */s/ R. Allan Edgar*
                    R. ALLAN EDGAR
          UNITED STATES DISTRICT JUDGE